UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WANONNA SLAUGHTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV0291 TCM |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, PA. | ) |
| | ) |
| Defendant. | ) |

### ORDER RESETTING RULE 16 CONFERENCE

**IT IS HEREBY ORDERED** that:

The Scheduling Conference previously set for April 14, 2009, is reset for **April 27, 2009**, at **9:00 a.m. in Courtroom 13N**. Plaintiff and counsel for Defendant are required to be present.

At the scheduling conference, Plaintiff and counsel will be expected to discuss in detail all matters covered by Fed.R.Civ.P. 16, as well as all matters set forth in their joint proposed scheduling plan described below, and a firm and realistic trial setting will be established at or shortly after the conference.

Prior to the date for submission of the joint proposed scheduling plan on or before **April 20, 2009**, Plaintiff and counsel for Defendant shall discuss the following:

! the nature and basis of the parties' claims and defenses,

! the possibilities for a prompt settlement or resolution of the case,

! the formulation of a discovery plan,

! any issues relating to preserving discoverable information,

! any issues relating to disclosure or discovery of electronically stored information, including–

(i) the form or forms in which it should be produced,

(ii) the topics for such discovery and the time period for which such discovery will be sought,

(iii) the various sources of such information within a party's control that should be searched for electronically stored information, and

(iv) whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information,

! any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the Court to include their agreement in an order, and

! other topics listed below or in Fed.R.Civ.P. 16 and 26(f).

If Plaintiff and counsel for Defendant are unable to confer about the foregoing, each shall submit a proposed scheduling plan with the above-listed information.

As noted above, no later than **April 20, 2009**, counsel shall file with the Clerk of the Court a joint proposed scheduling plan. **All dates required to be set forth in the plan shall be within the ranges set forth for Track 2:** disposition within 18 months of the filing of the complaint and 180 to 240 days from the Rule 16 conference for discovery and dispositive motions.

**The parties' joint proposed scheduling plan shall include:**

(a) dates for joinder of additional parties or amendment of pleadings;

(b) a discovery plan including:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information,

(ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production,

(iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed.R.Civ.P. 26(a)(1),

(iv) whether discovery should be conducted in phases or limited to certain issues,

(v) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

(vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules,

(vii) whether any physical or mental examinations of parties will be requested pursuant to Fed.R.Civ.P. 35, and if so, by what date that request will be made and the date the examination will be completed,

(viii) a date by which all discovery will be completed (see applicable track range, above);

(ix) any other matters pertinent to the completion of discovery in this case,

(d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(e) dates for the filing of any dispositive motions (see applicable track range, above);

(f) the earliest date by which this case should reasonably be expected to be ready for trial (see applicable track range, above);

(g) an estimate of the length of time expected to try the case to verdict; and

(h) any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

**Disclosure of Corporate Interests:** All non-governmental corporate parties are reminded to comply with Disclosure of Corporate Interests by filing a Certificate of Interest with the Court pursuant to E.D.Mo. L.R. 2.09.

Dated this  13th  day of  April ,2009.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE