# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WANONNA SLAUGHTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09cv0291 TCM |
| ) | |
| NATIONAL UNION FIRE ) | |
| INSURANCE COMPANY OF ) | |
| PITTSBURGH, PA., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on a Notice of Voluntary Dismissal filed by plaintiff, Wanonna Slaughter, on February 11, 2010. Defendant, National Union Fire Insurance Company of Pittsburgh, Pa., opposes a dismissal without prejudice.

The following history of the case guides the Court's ruling on the pending dismissal request.

This case began in December 2008 with the filing of a two-count complaint in state court and was removed here in February 2009 by Defendant on diversity grounds. Plaintiff alleges that she was insured in December 2003 under a policy issued by Defendant when she fell off a trailer and sustained injuries that have caused her to be disabled. Defendant has refused to pay her the disability benefits due under the policy. Plaintiff stated a cause of action in Count I for vexatious refusal to pay and in Count II for breach of contract.

In March 2009, the Court set a scheduling conference for April 14. Six days before that conference, Plaintiff's counsel sought leave to withdraw. Leave was granted. The

scheduling conference was reset for April 27 and, on Defendant's motion, reset again for May 11. Plaintiff retained new counsel. The scheduling conference was reset, on Plaintiff's motion, for May 19. One week later, the Court issued a case management order setting a deadline for Plaintiff to disclose expert witnesses by August 31, 2009; for the completion of discovery by November 2009; and for trial on May 10.

An amended complaint was filed on May 29 adding a Count III for prima facie tort, a Count IV for punitive damages, a Count V for intentional infliction of emotional distress, and a Count VI for negligent infliction of emotional distress. Defendant moved to dismiss these added counts. Plaintiff opposed the motion and, before the Court ruled the matter, moved for leave to file a second amended complaint. This complaint deleted the four counts added by the first amended complaint. Defendant filed a timely answer to the second amended complaint.

In November, Plaintiff moved for an extension of time to disclose expert witnesses and both parties moved for an extension of time to complete discovery. Both motions were granted. Plaintiff designated her expert witness on December 23. That same month, the parties participated in mediation, but were unable to reach a settlement. Plaintiff's deposition had to twice be rescheduled, for good cause.

Subsequently, in January 2010, Defendant moved to amend the case management order. After a telephone conference with counsel for both parties, the motion was granted. Discovery was to be completed by April 21 and the case was reset for trial on November 1, 2010.

On February 11,[1] without explanation, Plaintiff filed a notice purporting to voluntarily dismiss her case without prejudice. Noting that Rule 41(a) of the Federal Rules of Civil Procedure permits a plaintiff, after a defendant has filed a responsive pleading, to dismiss his or her case without prejudice only by stipulation of the parties or by leave of court, Defendant opposes a dismissal without prejudice. In response, Plaintiff contends that because Defendant has not filed a motion for summary judgment, she may dismiss her action without prejudice without a stipulation or leave and, regardless, she is not able to pay the costs requested by Defendant as a condition precedent to a dismissal without prejudice. Plaintiff does not explain why she seeks the dismissal.

"Rule 41(a) identifies those instances in which the plaintiff must obtain the approval of the court before the action can be dismissed voluntarily. Once *an answer* or a motion for summary judgment has been filed, an action may be dismissed at the plaintiff's request only upon order of the court and upon such terms and conditions as the court deems proper." **Hamm v. Rhone-Poulenc Rorer Pharms., Inc.**, 187 F.3d 941, 950 (8th Cir. 1999) (emphasis added). In exercising its decision whether to grant Plaintiff's request, the Court should consider "whether [Plaintiff] has presented a proper explanation for [her] desire to dismiss"; "whether a dismissal would result in a waste of judicial time and effort"; and "whether a dismiss will prejudice [Defendant]." **Id.** (internal citations omitted). "[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." **Id.** Additionally "[a]s provided by Federal Rule of Civil Procedure 41(a)(2), a

---

[1] Defendant alleges, without contradiction, that Plaintiff's deposition was set for the day before.

court's decision to allow voluntary dismissal 'may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing [her] complaint without prejudice.'" **Essex PB&R Corp. v. Xcaper Indus.**, 4:08cv1705 ERW (E.D. Mo. 2009) (quoting Marlow & Winston & Strawn, 19 F.3d 300, 303 (7th Cir. 1994)). "In fact, [the Eighth Circuit] has held that under certain circumstances, it is an abuse of discretion not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled." **Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guarantee Ass'n**, 56 F.3d 977, 979 (8th Cir. 1995).

Consideration of the three factors delineated by the Eighth Circuit, see **Hamm**, 187 F.3d at 950, militates against an unqualified dismissal without prejudice – Plaintiff has not explained why she wishes to dismiss without prejudice her case after this Court has expended time and effort and has not refuted Defendant's recitation of the prejudice it will suffer from a dismissal. On the other hand, Defendant has forthrightly stated that much of its effort in the case may be used in defense of any subsequent renewal of the litigation. Some effort, however, is unique to this case at this time.

The Court is mindful of Plaintiff's allegations of her financial situation. Nevertheless, it finds some conditions to a voluntary dismissal to be appropriate under the particular circumstances of the case before it. These conditions will include the payment of reasonable attorney's fees incurred by Defendant in opposing the proposed dismissal of the filing fee paid by Defendant when removing the case. Such payment would be due only *on Plaintiff*

*refiling her action.* The Court notes that once it has determined the amount of fees and costs that must be paid by Plaintiff before refiling her action, Plaintiff will be given the choice of accepting the conditions and obtaining dismissal or, if she feels the conditions too burdensome, withdrawing her dismissal motion and proceeding with the case. Accordingly,

**IT IS HEREBY ORDERED** that within ten days of the date of this Order Defendant is to submit a claim for the attorney's fees it alleges it has incurred in opposing a voluntary dismissal and for any filing fees incurred.

**IT IS FURTHER ORDERED** that within five days of Defendant electronically filing its claim, Plaintiff may file a response.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  10th  day of March, 2010.